# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| **JOSE B. COPELAND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 3:21 cv 569 |
| v. | ) |
| | ) JURY TRIAL REQUESTED |
| **INSTALLS ON CALL, LLC;** | ) |
| | ) |
| and | ) |
| | ) |
| **ELITE CUSTOM INSTALLS, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Jose B. Copeland ("Copeland"), by counsel and pursuant to Federal Rule of Civil Procedure 8(a), and respectfully states the following as his Complaint against Defendants Installs on Call, LLC and Elite Custom Installs, LLC (collectively, "Defendants"):

## NATURE OF CASE

1. This is an action for unpaid overtime compensation brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., (hereinafter "FLSA"); breach of an employment contract (attached hereto as *Exhibit A*) under Virginia common law; and judgment in the form of a declaration that the document attached hereto as *Exhibit B*, entitled "Non-Compete Agreement," is void and unenforceable as a matter of Virginia law.

2. Plaintiff was employed by joint employers Defendants Installs on Call, LLC and Elite Custom Installs, LLC as a Lead Vinyl Graphics Installer from February 10, 2020 until May 20, 2021. In that position, which is classified as non-exempt by the FLSA, Plaintiff regularly

worked more than forty (40) hours per workweek without receiving overtime compensation, as required by the FLSA.

3. Although Plaintiff's position was non-exempt, Defendants regularly suffered or permitted him to work overtime hours without paying him required overtime wages, in violation of the FLSA.

4. Defendants also breached the terms of Plaintiff's employment contract, attached hereto as Exhibit A, by failing to reimburse him for out-of-pocket travel expenses.

5. Finally, and as a term or condition of his employment, Defendants required Plaintiff to execute the unlawful "Non-Compete Agreement" that is attached hereto as Exhibit B (the "Agreement"). As a matter of Virginia law, the Agreement is unenforceable, as it purports to prohibit Plaintiff from engaging in *inter alia* any "competitive business" "anywhere in the United States" for a period of one year.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331, because it includes an action arising under the laws of United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b) (hereinafter "FLSA"); 28 U.S.C. § 2201, the Declaratory Judgment Act (remedies); and 28 U.S.C. § 1367(a), which provides for supplemental jurisdiction over state law claims.

7. This Court has personal jurisdiction over Defendants because they are limited liability companies registered to do business in the Commonwealth of Virginia, and they regularly conduct significant business within the Commonwealth of Virginia.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the unlawful employment practices alleged herein were committed in the

Eastern District of Virginia, and Defendants operate and conduct business in and around the Eastern District of Virginia.

## PARTIES

9. Plaintiff was employed by Defendants as a Lead Vinyl Graphics Designer from on or about February 20, 2020 until on or about May 20, 2021. He is a citizen of the United States and currently resides in South Prince George, Virginia.

10. Defendant Installs on Call, LLC ("IOC") is a custom graphics installation company that is owned and operated by Christopher G. Colon ("Colon") and has, as its principal place of business, Mr. Colon's residence of 6521 Broad Creek Overlook, Fredericksburg, Virginia, 22407. Colon serves as IOC's Registered Agent in Virginia.

11. Defendant Elite Custom Installs, LLC ("ECI") is a custom graphics printing, installation and removal company that is owned and operated by Christopher G. Colon. Upon information and belief, ECI currently operates out of a facility located at 33 B Perchwood Drive, Units 201 & 203, Fredericksburg, Virginia 22405. Colon serves as ECI's Registered Agent in Virginia.

12. At all times relevant hereto, Defendants operated jointly as Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

13. On or about February 7, 2020, Defendants' owner and operator, Colon, transmitted to Plaintiff an offer of employment for a Lead Vinyl Graphics Installer position.

14. A copy of Defendants' employment offer is attached hereto as *Exhibit A*.

15. As a condition of his employment, Defendants required Plaintiff to sign a "Non-Compete Agreement," attached hereto as *Exhibit B*, which was made effective March 23, 2020.

16. According to the job description included with Defendants' job offer, *Exhibit A*, Plaintiff's key job responsibilities included traveling to and from job sites and installing vehicle and window graphics and signs.

17. Plaintiff accepted Defendants' job offer and began his employment on or about February 10, 2020.

18. From February 10, 2020 until on or about June 30, 2020, Plaintiff resided in Greensboro, North Carolina and performed his job duties while commuting state-to-state or staying overnight at hotels, which travel and lodging expenses were paid by Defendants pursuant to the terms of Plaintiff's employment contract, *Exhibit A*.

19. Plaintiff moved his residence to Virginia in early July 2020, after which time Defendants refused to reimburse Plaintiff for his travel costs and expenses, providing him instead with only $60 per week for fuel costs.

20. Throughout his employment with Defendants, Plaintiff frequently worked more than forty (40) hours per work week, starting and ending his days with travel time to and from job sites across Virginia, the District of Columbia and Maryland.

21. As a part of his commute to and between job sites, Plaintiff frequently drove an estimated four (4) to eight (8) in a single work day.

22. Although Defendants did not maintain records of Plaintiff's work hours through any formal or informal timekeeping practice, Plaintiff estimates that he worked in excess of 800 hours of unpaid overtime between February 2020 and May 2021.

23. During his employment, Defendants did not pay Plaintiff overtime wages for any of the hours he worked over forty (40) per workweek and, after July 2020, they did not reimburse him for his work-related mileage, fuel costs, or other work-related business expenses.

24. At all relevant times, Defendants subjected Plaintiff to a pay policy whereby he was suffered or permitted to work in excess of 40 hours per week without receiving any overtime compensation for those hours.

25. At all times relevant hereto, Defendants knowingly and intentionally deprived Plaintiff of the overtime pay to which he was entitled under the FLSA or acted with reckless disregard for Plaintiff's rights under the FLSA.

26. As a direct and proximate result of Defendants' failure to pay Plaintiff's earned overtime wages, Plaintiff has suffered damages.

27. Defendants also breached their contractual obligation to Plaintiff by failing to reimburse him for work-related, out-of-pocket travel and lodging expenses, thereby causing him financial harm.

### COUNT I - Violation of the FLSA, 29 U.S.C. § 207
### Failure to Pay Overtime Compensation

28. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

29. At all times relevant hereto, Plaintiff was an "employee" of Defendants, as that term is defined by 29 U.S.C. §203(e)(1).

30. At all times relevant hereto, the Defendants served as Plaintiff's joint "employer" as that term is defined by 29 U.S.C. §203(d).

31. At all times relevant hereto, Plaintiff was non-exempt from the overtime pay requirements of the FLSA; thus, Plaintiff was entitled to receive overtime pay under the FLSA for all time worked beyond forty (40) hours in a workweek.

32. Defendants failed to pay Plaintiff his overtime rate of pay for the time he worked in excess of forty (40) hours in any workweek during his employment.

33. At all times relevant hereto, Defendants were or should have been aware of the overtime requirements of the FLSA.

34. At all times relevant hereto, Defendants knew or should have known that Plaintiff was a non-exempt employee and that, therefore, Plaintiff was subject to and eligible to receive overtime pay under the requirements of the FLSA.

35. At all times relevant hereto, Defendants knew that Plaintiff was working more than forty (40) hours per work week without receiving overtime pay for the overtime hours he had worked.

36. Defendants' knowing and intentional failure to pay overtime compensation to Plaintiff was willful and not in good faith.

## COUNT II – Breach of Contract

37. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

38. On or about February 7, 2020, Defendants offered Plaintiff a contract of at-will employment.

39. The terms of Defendants' offer were contained in a letter written by Colon and delivered to Plaintiff on or about on or about February 7, 2020.

40. Defendants' employment offer letter included a job description for the position of Lead Vinyl Graphics Installer.

41. As consideration for Plaintiff's acceptance of this employment position, Defendants' offer letter included, *inter alia*, the payment of a specific amount of salaried wages, paid vacation days, and reimbursement "for . . . out-of-pocket expenses" including "travel expenses" and "lodging."

6

42. On or about January 7, 2020, Plaintiff accepted Defendants' employment offer.

43. Between January and June of 2020, Defendants reimbursed Plaintiff, as promised, for his travel and lodging expenses.

44. Beginning in July of 2020 and continuing through May of 2021, however, Defendants refused to reimburse Plaintiff for his work-related travel and lodging expenses, choosing instead to limit this benefit to $60 per week.

45. In so doing, Defendants breached their contractual obligation by failing to provide Plaintiff with full reimbursement for his work-related mileage and/or fuel costs, meals and lodging expenses.

46. As a direct result of Defendants' breach of the parties' employment contract, Plaintiff has suffered damages in the amount of his out-of-pocket travel and lodging expenses incurred between July 2020 and May 2021.

### COUNT III – Declaratory Judgment that Non-Compete Agreement is Unenforceable

47. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

48. As a condition of his employment, Defendants required Plaintiff to execute the Non-Compete Agreement attached hereto as *Exhibit B*.

49. Paragraph 1 of the Agreement, entitled "Non-Compete Covenant," purports to prohibit Plaintiff from engaging in any business whatsoever, "anywhere in the United States" with any company included on its long list of nationally franchised competitors: Fast Signs, Speed Pro, Signarama, Capital Wraps, King Tutt, Sign Spot, FilmSourse [*sic*], Kwik Signs and/or Road Runner Wraps. This covenant, which prohibits Plaintiff from working in *any* capacity for such franchises, is not narrowly drawn to protect the employer's legitimate business

interests. Rather, it is fatally overbroad in function and geographic scope and therefore unenforceable under Virginia law.

50. Paragraph 2 of the Agreement, entitled "Non-Solicitation Covenant," bars Plaintiff from *inter alia* "directly or indirectly solicit[ing] business from" any customer or client of Defendants and from using Defendants' "existing client's demographic and confidential information to solicit and provide quotes and/or transfer business to any competing entity" for a period of two (2) years. This covenant, which is so broad as to prohibit Plaintiff from soliciting *any* business whatsoever from any past customer of either Defendant, is unenforceable as a matter of law.

51. Because the restrictive covenants contained in Paragraphs 1 and 2 of the Agreement are legally overbroad, they are therefore unduly restrictive and unenforceable and should be declared void as a matter of Virginia law.

52. As described in Paragraph 9 of the Agreement, should the Court enter judgment in Plaintiff's favor, finding that Paragraph 1 and/or Paragraph 2 of the Agreement is/ are void and unenforceable, Plaintiff is also entitled to an award of his reasonable attorney's fees and costs incurred in obtaining a judgment against Defendants.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor and against Defendants on each of the above-stated Counts and award him the following relief:

a. entry of a declaration that Defendants have violated Plaintiff's rights under the Fair Labor Standards Act by failing to compensate him for overtime hours worked on behalf of Defendants;

b. an award of money damages for all unpaid overtime compensation;

c. an award of liquidated damages in an amount equal to the award of unpaid overtime damages pursuant to 29 U.S.C. § 216(b);

d. pre-judgment and post-judgment interest;

e. entry of a declaration that Defendants breached the terms of Plaintiff's employment contract by failing to reimburse him for travel and lodging expenses;

f. an award of money damages for all unreimbursed travel and lodging expenses;

g. entry a declaration that Paragraphs 1 and/or 2 of the Non-Compete Agreement, attached hereto as *Exhibit B*, is void and unenforceable;

h. reasonable attorneys' fees and costs incurred in bringing this action; and

i. any and all further relief as permissible by law or as the Court deems appropriate.

Respectfully,

JOSE B. COPELAND,

By Counsel

/s/ NICHOLE BUCK VANDERSLICE
Nichole Buck Vanderslice (VSB #42637)
*Email: nvanderslice@nbvlaw.com*
LAW OFC OF NICHOLE BUCK VANDERSLICE, PLLC
9019 Forest Hill Avenue, Suite 2C
Richmond, VA 23235
Telephone: 804.272.2920
*Counsel for Plaintiff Jose B. Copeland*